# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LINDA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1891MLM |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Remand filed by Plaintiff Linda Young ("Plaintiff"). Doc. 26. Defendant State Farm Fire and Casualty Company ("Defendant") filed a Response. Doc. 27. Plaintiff filed a Reply. Doc. 30. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). Doc. 8.

## BACKGROUND and DISCUSSION

Plaintiff filed this mater in the Circuit Court of the City of St. Louis, Missouri, seeking uninsured motorist coverage and medical payments under a policy of automobile liability insurance issued to her mother, vexatious refusal to pay penalties, and attorney's fees. Defendants removed this matter to federal court based on diversity of citizenship. In support of the Removal Notice Defendant stated that the amount in controversy exceeds the $75,000 required by 28 U.S.C. § 1332(a).[1] Plaintiffs have filed a Motion to Remand to State court on the grounds that amount in

---

[1] 28 U.S.C. § 1332 provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

controversy does not exceed $75,000. In particular, Plaintiff contends that $58,000 is available to her under the relevant insurance policy[2]; that this $58,000 includes $25,000 which is available under the underinsured motorist provision; that the potential vexatious statutory penalties are $6,000; that the total amount of potential damages, therefore, is less than the $75,000 federal jurisdictional requirement. Defendant contends that because Plaintiff seeks attorney's fees, a reasonable amount of attorney's fees may be included in calculating the jurisdictional amount; that a reasonable amount of fees, is no less than $11,000; and that, therefore, the jurisdictional amount of $75,000 is met.

A federal court does not have "subject matter jurisdiction if it appears to a legal certainty that the value of the [plaintiff's] claim is less than the required amount of $75,000." Advance America Serv. of Arkansas, Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (citing In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir.2003)). "The party invoking federal jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence." Id. (8th Cir. 2008) (citing Rasmussen, 410 F.3d at 1031).

"[A]ttorney fees are not generally includable in the jurisdictional amount, [although] an exception is made when a statute authorizes the granting of same." Babcock & Wilcox Co. v. Parsons

---

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[2] The policy provides for $25,000 in uninsured motorist coverage and $50,000 in medical payments. Defendant has already paid about $17,000, and as such, about $58,000 remains available under the policy, according to Plaintiff. Doc. 26 at 1-2. Defendant does not dispute Plaintiff's calculations in this regard.

Corp., 430 F.2d 531, 539 n.8 (8th Cir. 1970) (citing 1 Moore's Federal Practice, P.99 (2) (2d ed. 1964)). See also Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, (8th Cir. 2005) (citing Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001)). Mo. Rev. Stat. 375.420 provides, in relevant part:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile ... or other insurance *except automobile liability insurance*, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury *may*, ... allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee;

(emphasis added).

Uninsured motorist coverage, however, is not "automobile liability insurance" and, thus, does not fall within the automobile liability insurance exception of § 375.420 providing a remedy, including attorney's fees, for an automobile insurer's refusal to pay for a loss without reasonable cause or excuse. Schaffer v. Bess, 822 S.W.2d 871, 878 n.1 (Mo. Ct. App. 1991). Therefore, in the matter under consideration, where Plaintiff alleges vexatious refusal to pay under an uninsured motorist provision of an insurance policy, the court finds that, in the event Plaintiff prevails on this claim, she has the right to recover attorney's fees under § 375.420. The court notes, further, that a provision for payment of medical expenses incurred by an insured is likewise not "automobile *liability* insurance." Such a provision, therefore, is not an exclusion under § 375.420 and Plaintiff may be entitled to recover attorney's fees if she prevails on her vexations refusal to pay medical expenses claim. Indeed, § 375.420 does not make it mandatory that a prevailing plaintiff receive attorney's fees; rather, the statute is permissive. As noted by the court in Osia v. Mid-Century Ins. Co., 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (unreported), attorneys' fees "do not have to be mandatory to be considered for jurisdictional purposes." The court finds, therefore, in the matter

under consideration that attorney's fees may be considered by the court upon its calculating whether Defendant has met its burden to establish that the jurisdictional amount of $75,000 is met. The court further finds that it is reasonable to assume that, at a minium, Plaintiff may be entitled to at least $11,000 in attorney's fees if she prevails on her vexatious refusal to pay claims.[3]  This amount is sufficient for Defendant to satisfy its burden to establish that the jurisdictional amount of $75,000 is met. See Advanced America, 526 F.3d at 1173; Babcock & Wilcox, 430 F.2d at 539 n.8.  As such, the court finds that Plaintiff's Motion to Remand should be denied.

## CONCLUSION

For the reasons articulated above, the court finds that this court does have subject matter jurisdiction and that, therefore, Plaintiff's Motion to Remand should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by Plaintiff is **DENIED**; Doc. 26

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of January, 2010.

---

[3]  In Osia v. Mid-Century Ins. Co., 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (unreported), upon finding that attorney's fees could be considered in calculating the jurisdictional amount, the court *held that it could assume that attorneys' fees would be based on a twenty-five percent contingency fee*; that based on the court's "experience with attorney fee awards," the defendant, who removed the matter, had "met its burden to establish that the jurisdictional amount in [that] action exceed[ed] $75,000.00"; and that plaintiff's motion to remand should be denied. In the matter under consideration, $11,000 is far less than twenty-five percent.

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LINDA YOUNG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE FARM FIRE AND CASUALTY ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 4:08CV1891MLM |

## MEMORANDUM OPINION

Before the court is the Motion to Remand filed by Plaintiff Linda Young ("Plaintiff"). Doc. 26. Defendant State Farm Fire and Casualty Company ("Defendant") filed a Response. Doc. 27. Plaintiff filed a Reply. Doc. 30. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). Doc. 8.

## BACKGROUND and DISCUSSION

Plaintiff filed this mater in the Circuit Court of the City of St. Louis, Missouri, seeking uninsured motorist coverage and medical payments under a policy of automobile liability insurance issued to her mother, vexatious refusal to pay penalties, and attorney's fees. Defendants removed this matter to federal court based on diversity of citizenship. In support of the Removal Notice Defendant stated that the amount in controversy exceeds the $75,000 required by 28 U.S.C. § 1332(a).[1] Plaintiffs have filed a Motion to Remand to State court on the grounds that amount in

---

[1] 28 U.S.C. § 1332 provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

controversy does not exceed $75,000. In particular, Plaintiff contends that $58,000 is available to her under the relevant insurance policy[2]; that this $58,000 includes $25,000 which is available under the underinsured motorist provision; that the potential vexatious statutory penalties are $6,000; that the total amount of potential damages, therefore, is less than the $75,000 federal jurisdictional requirement. Defendant contends that because Plaintiff seeks attorney's fees, a reasonable amount of attorney's fees may be included in calculating the jurisdictional amount; that a reasonable amount of fees, is no less than $11,000; and that, therefore, the jurisdictional amount of $75,000 is met.

A federal court does not have "subject matter jurisdiction if it appears to a legal certainty that the value of the [plaintiff's] claim is less than the required amount of $75,000." Advance America Serv. of Arkansas, Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (citing In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir.2003)). "The party invoking federal jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence." Id. (8th Cir. 2008) (citing Rasmussen, 410 F.3d at 1031).

"[A]ttorney fees are not generally includable in the jurisdictional amount, [although] an exception is made when a statute authorizes the granting of same." Babcock & Wilcox Co. v. Parsons

---

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[2]  The policy provides for $25,000 in uninsured motorist coverage and $50,000 in medical payments. Defendant has already paid about $17,000, and as such, about $58,000 remains available under the policy, according to Plaintiff. Doc. 26 at 1-2. Defendant does not dispute Plaintiff's calculations in this regard.

2

Corp., 430 F.2d 531, 539 n.8 (8th Cir. 1970) (citing 1 Moore's Federal Practice, P.99 (2) (2d ed. 1964)). See also Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, (8th Cir. 2005) (citing Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001)). Mo. Rev. Stat. 375.420 provides, in relevant part:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile ... or other insurance *except automobile liability insurance*, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury *may*, ... allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee;

(emphasis added).

Uninsured motorist coverage, however, is not "automobile liability insurance" and, thus, does not fall within the automobile liability insurance exception of § 375.420 providing a remedy, including attorney's fees, for an automobile insurer's refusal to pay for a loss without reasonable cause or excuse. Schaffer v. Bess, 822 S.W.2d 871, 878 n.1 (Mo. Ct. App. 1991). Therefore, in the matter under consideration, where Plaintiff alleges vexatious refusal to pay under an uninsured motorist provision of an insurance policy, the court finds that, in the event Plaintiff prevails on this claim, she has the right to recover attorney's fees under § 375.420. The court notes, further, that a provision for payment of medical expenses incurred by an insured is likewise not "automobile *liability* insurance." Such a provision, therefore, is not an exclusion under § 375.420 and Plaintiff may be entitled to recover attorney's fees if she prevails on her vexations refusal to pay medical expenses claim. Indeed, § 375.420 does not make it mandatory that a prevailing plaintiff receive attorney's fees; rather, the statute is permissive. As noted by the court in Osia v. Mid-Century Ins. Co., 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (unreported), attorneys' fees "do not have to be mandatory to be considered for jurisdictional purposes." The court finds, therefore, in the matter

under consideration that attorney's fees may be considered by the court upon its calculating whether Defendant has met its burden to establish that the jurisdictional amount of $75,000 is met. The court further finds that it is reasonable to assume that, at a minium, Plaintiff may be entitled to at least $11,000 in attorney's fees if she prevails on her vexatious refusal to pay claims.[3] This amount is sufficient for Defendant to satisfy its burden to establish that the jurisdictional amount of $75,000 is met. See Advanced America, 526 F.3d at 1173; Babcock & Wilcox, 430 F.2d at 539 n.8. As such, the court finds that Plaintiff's Motion to Remand should be denied.

## CONCLUSION

For the reasons articulated above, the court finds that this court does have subject matter jurisdiction and that, therefore, Plaintiff's Motion to Remand should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by Plaintiff is **DENIED**; Doc. 26

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of January, 2010.

---

[3] In Osia v. Mid-Century Ins. Co., 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (unreported), upon finding that attorney's fees could be considered in calculating the jurisdictional amount, the court *held that it could assume that attorneys' fees would be based on a twenty-five percent contingency fee*; that based on the court's "experience with attorney fee awards," the defendant, who removed the matter, had "met its burden to establish that the jurisdictional amount in [that] action exceed[ed] $75,000.00"; and that plaintiff's motion to remand should be denied. In the matter under consideration, $11,000 is far less than twenty-five percent.

4